3-22-0520 Kyle Wright Appellant v. Naperville Autohaus, Inc. Apple Lee. Both sides ready to proceed? Yes. Yes, Your Honor. Is it Fyovanov? Close enough, Your Honor. I'd like to get it right. Tell me how to say it, please. It's just like it's written, Fyovanov. Mr. Fyovanov, if you could proceed, thank you. Thank you. Thank you, Your Honor. I appreciate your effort to call me by my name. Although everybody says Dimitri this, Dimitri that. I don't take offense. Members of the panel, it took me two hours trying to figure out the background. And then my geek called me and fixed it in two seconds. So I started at a disadvantage because clearly I don't know what I'm doing. But that's with respect to computers. I hope I did a little better with the briefs. This case, as you well know, is about what constitutes a business record in Illinois. And there was an issue, as you probably surmised from the briefs, with respect to one of the prefatory phrases in the business record. It was not admitted into evidence. And that pretty much got at our case. So I have two reasons for being here. One, obviously, is that I had to appeal because I had an obligation to my client. And another one is because this kind of this issue goes somewhat beyond this particular case in the sense that if I do car cases, and as you could see from the briefs, I have lots of those repair records in my files. If the result is that because the repair record says, customer says, check for this, check for that. And if the result is that that record is not a business record that would not be admitted into evidence, that means that the entire used car industry will not have their records be subject to judicial scrutiny, would not be admissible into evidence in any car case, which, to my mind, can't possibly be the correct result. That's why we're here. Mr. Fiofano, a question to start with. Yes, you are. It's difficult from the record, since it's an incomplete record of the proceedings, to discern what happened. I know that what happened before, what happened after. Did a trial actually occur? Was there a jury? Yeah, there was a trial. It was a pro forma trial, since I had no evidence. I suggested to defendants to just enter a summary judgment and go up. But they said no. So the trial did occur. We could not. There was a jury. There was a jury in panel. Oh, yeah. Okay. And we could not get the sole piece of evidence into the evidence. And so the result was predetermined. Can I ask a related question about the record? Yes, you are. So I think the business record issue is a very interesting issue. But I have a concern as it relates to the motion for a directed finding and why it was granted. As it relates to liability, was there any testimony about the four-month period between the car's purchase and the estimate? And what I'm asking you about specifically is this. Testimony along the lines of, you know, I kept the car in a garage. I never left the windows open. There was never any reason why water could have come in in four months. Because I'm not understanding that there was any such testimony. And I'm wondering if that's the case, if that's not to the extent that the trial court based the directed finding on liability, if that's not fatal. Yeah, I believe, although I would not swear to it, the client did say he kept the car in the garage. The whole... But how do we know this if there's no record? Well, I understand your question. And that always comes up. The thing of it is, with the motion limiting granted to begin with, it was a pro forma trial. And therefore, you know, whether or not the client would have said it or didn't say it, without the record, there was no case. And so our problem is that when we were handicapped from the get-go, there was really no reason and no way that could have been anything other than the predetermined result. But I understand your question. Did you try to make an offer of proof? After... No, I did not. After the motion limiting was granted, it was a done deal. I argued, I think, strenuously against it at the motion limiting stage. But that was the final ruling. Counsel, you pointed to this record. First of all, my first question is, who prepared the record? I'm not sure I understand the question. Who made this alleged estimate? The person with knowledge. Oh, you mean the supposed business record? Yes. Oh, a third party, unrelated car dealer who is in business? No, who working for Bryden Ford made this record? Now, you had a gentleman named Bryden on your business record certification, Scott. And I think that's completely conforming with its intended purpose in 902.11. So the record is verified or certified. But what does the record say? I'm not sure there is a name on the business record. There is not. I have no idea who prepared it. All I know is that my guy went there, got it when the issue arose. And I don't remember how the 902.11 affidavit was obtained. To my recollection, I think I sent them one or two letters saying that, please sign it, otherwise we'll have to subpoena it. Yeah, I have no problem with the certification. My question goes to the record itself. There is a USB service department that's about all I can find to determine who actually may have done this within that organization. But at any point in time, first of all, does the record show whether your client actually took the car to the dealership or merely called them and said that he had water damage and his wiring harness needed to be replaced? What would that cost me? Oh, no. I think that the record says that they actually inspected the car and found there is a finding there of some sort. So he took the car. Who it was, I have no idea. That would have come from your client's testimony, I assume. Well, we never got to that point because there was no repair order. You didn't put your client on? Yeah, the client was on. Okay. But we did not discuss the business record since it was barred. Okay, so the business record would have had to stand on its own, correct? Yeah. And I've read your arguments thoroughly. Customer requests estimates due to water damage. And I agree that that would be the same as, doctor, my arm hurts. And that would come in under a medical record. I think that makes complete sense. But the next statement says carpet has mold. Is that your client seeing that? Or is it a statement of fact? You know why? I think it's a statement of fact by the dealer because he brought the car there and they looked at it. How do we know that? Well, assuming we don't know that, it should really go to the weight not admissibility. We know that because it's a business record and it makes no sense to, for a business record, to just record what the customer says and opine nothing, say nothing about what the business dealer did not do or how much it will cost. So I think that the reasonable interpretation of that record is that he actually brought the car there. They looked at it. They said he has mold. Here's nine, whatever. I forgot what it was, nine grand or something like that. And said pay up or go away. The last line of the narrative, and it seems to be a little bit different type. That may be just caused by the copying, but it says verify customer concerns. Carpet had mold, body wiring harness needs replaced. Is that saying that they need to verify customers concerns? Yeah, well, yes. English is not their strong point. I read it, and I think a reasonable reading of that statement is that they did, in fact, verify they just didn't use the past tense. They verified customer concern. Customer carpet has mold, body wiring needs replacing. Well, that very last sentence indicates that they actually looked at the car and found something wrong with it, and something needs replacing. I understand that verify customer concern is not standard English, and it can be read multiple ways. But the reasonable interpretation, considering this whole thing in context, is that it means that they verified it. That's my argument, anyway. That's your argument, but 902.11, actually in 803, rule 803, which refers to 902.11, under paragraph six, talks about unless the opposing party shows that the source of the information or method or circumstance of preparation indicates lack of trustworthiness. Yes, and that is, yeah, I'm aware of the principle. The burden is on them. I, of course, do things strictly by the book. That affidavit and that record was submitted to them. They did not raise any objection as far as the lack of trustworthiness. Their objection, as you could see from the motion, was strictly with respect to the supposed double hearsay, which actually they argued it was a triple hearsay. That I could not figure out for the life of me, and my head was scratching quite a bit after that. But after I looked at the law, I understood their argument. They argued only solely, and I responded solely to the double hearsay under rule 805, and I had to acquaint myself with that because it never came up before. And I think the trial court's ruling quite unequivocally said that that was a dispositive issue. So we never got into the lack of trustworthiness, who made it, etc., etc., which, to my mind, to the extent I remember anything about 236, should go to weight, not admissibility. And then finally, to follow up with Justice Brennan's question, is there anything in this business record that talks about proximate cause or liability? Well, it's presumed that if there is a mold, and that just appeared out of nowhere, and if the buyer did not cause it by opening the windows, etc., etc., then that would... If the implied warranty, Your Honor, if I may kind of depart from the line of your questioning, the implied warranty law merely asks whether the car is merchantable, doesn't ask what caused it, whose fault it is. It's not a fault. It's the cases. Actually, there are cases that say implied warranty is kind of like strict liability. And so... But isn't it merchantability at the time of the sale, not four months later? Indeed, indeed. That absolutely has to be at the time of the sale there. And therefore, if there was no reigning... And the way you prove that is under the case named Twitty and Alvarez. If you point out the absence of reasonable secondary causes that could have caused the problem, then there is an inference to be made that it was like that at the time of sale. But again... But was there any testimony consistent with that? I think the client did mention that he kept the car in the garage and it wasn't raining. That's why I made an argument in the briefs, I think, that we didn't present any evidence of the lack of rain because there was really no need for that because he kept it in the garage. And if you look at the mileage, he hardly ever drove it since the time he bought it. So yeah, he didn't drive it. There was no rain. But the point is, we could not even get into that issue given the barring order. I don't have any further questions if the council is done. Thank you for your attention. All right. Mr. Colhorn. Pronounce that correctly. Good job. Okay. Well, he's easier than mine. You see, so it's not fair. Good afternoon. My name is Josh Colhorn. I represent the FLE Naperville Auto House. The circuit court did not abuse its discretion in this matter and granting the defendant's motion to exclude the repair order, the panel has just reviewed. Both pre-trial and at trial, plaintiff only argued that this record was relevant to damages. Damages became irrelevant when, as the circuit court held, plaintiff failed to present sufficient evidence of liability. And the panel was highlighting that in Mr. Feofanon's presentation. Because of the lack of a transcript in this instance, this court is unable to review the circuit court's ruling as to liability. That's found on pages 74 to 76 of the appendix. But even if the repair order could be relevant to liability and plaintiff did not raise this until his reply in support of a motion for a new trial, the circuit court was right in excluding it as it contained hearsay within hearsay under rule 805. I'd like to go into some important context, factual context behind this case before getting into my argument. There's a single claim for the breach of the implied warranty of merchantability in this matter. That takes two elements, liability and damages. And I believe Justice Brennan was hitting on it a bit. The merchantability issue is a minimum level of quality. It's not that the car does everything that the individual wants, but that it needs a minimum level of being able to be driven as to a car. The required damages in this matter are under the UCC and the measurement is diminished value. How much is the car worth with the defect versus without the defect? The plaintiff's claimed error in this instance, as Mr. Feofanoff mentioned, occurred before trial during motions in limine. Defendant moved to bar the introduction of the repair order on not just 805 grounds, but also because it had a chain of custody issue and so far as Justice Brennan identified, the car was not inspected for four months until four months after purchase. At that pretrial hearing where the motion in limine was argued, there was no attempt to make an offer of proof or to provide any basis for the admissibility of that hearsay within hearsay statement. The customer, who's the plaintiff, his statement that the car did have mold. And again, there was some question as to who said what and there was no testimony provided as to who said what. After trial, and let me back up, at the motion for directed verdict, when the circuit court was reasoning as to why it granted that, it stated that no evidence of liability was presented and on the motion for a new trial at that hearing, this is on page 84 of the appendix, the circuit court held that even if plaintiff got what he wanted in this appeal, that is consideration of the repair order, it still would not have changed the calculus and insufficient evidence of liability was submitted to sustain or withstand the motion for directed verdict. So there are four reasons why this court should affirm the circuit court. The first was discussed at length in Mr. Feofanoff's presentation and that there's an insufficient record here to second guess what the circuit court decided as to liability. There's no transcript of what plaintiff's witnesses presented in his case in chief. And as a result of the guiding case law, since there's no record and it is the appellant's burden to provide that record, this court must assume that what the circuit court did in exercising its discretion and deciding the issue as to liability was correct. Second, because the plaintiff did not raise the issue of the repair order being relevant to liability until his reply in support of his motion for a new trial, of course, to which the defendant does not get to respond, that argument was waived. And because we didn't have a substantive ability to respond to that, it was waived. But in any event, as the circuit court found, even with the record, there's insufficient evidence of liability. As to the substance, and we didn't get into this as much in Mr. Feofanoff's presentation, but defendant also submits that the record was properly excluded under Rule 805. That there is no question here that, and Mr. Feofanoff is more or less pushing his chips on this issue, that the comment, the car has mold by the plaintiff is being offered for the truth of the matter asserted. He's saying it's his only evidence of liability. He's saying that now. And that means that, of course, it's being offered for the truth of the matter asserted. Rule 805, of course, requires that if there's hearsay within hearsay, each level of hearsay have its own foundational basis. And again, there was no effort at the pretrial hearing to make an offer of proof as to how that foundation would be laid. Understanding that, Mr. Feofanoff has argued in his briefs that it's not necessarily offered for the truth of the matter, but could be considered for effect on the listener. That may save it if the mechanic state of mind was relevant in this case. And I would submit it's not. Well, I mean, look, if I just drop my car off and say, take a look and let me know what you think. What's the mechanic going to do? I mean, assuming the water damage isn't self-evident by looking in the window, maybe it's a smell, maybe it's something else. I mean, I think the effect on the listener is not necessarily unfair. And I think the customer request estimate due to water damage isn't necessarily going to liability because it doesn't say when the water damage happened, which is still a big issue, obviously. But I don't know, I guess that's not really a question. I apologize. But it doesn't seem to me particularly unfair to look at that clause, if you will, sentence and say, well, it is directing the mechanics where and what to look for. And I think what the court raises a very fair question, but that's why I went into the context behind everything that happened in this case, where there's a contention here that this record was so critical to Plankton's case that he now cannot prove it. But the court found that even after the presentation that was put on sufficient evidence of indemnity was not presented to move to damages, which is the original purpose for which this record was introduced into evidence or that was purported, this is why I need this record. That's what was discussed at the pretrial hearing. Plankton presents two different cases for his contention that what I would submit rule 236 almost reads out of evidence rule 805, that if it's a business record, everything comes in notwithstanding if it contains hearsay. The two cases he refers to are Troy-Ann versus Reyes and In-Ray A.T. The Troy-Ann case, it concerned a car accident. Yeah, I saw you start to talk and I want to be respectful. Council, what is a hearsay? Customer request estimates due to water damage. You think that's hearsay? I think that and the sentence that immediately follows, which I read to be coming from the plaintiff, carpet has mold, yes. I think those are statements. I'm sorry, I didn't mean to interrupt. Finish your thought. I would state that those are sentences being offered for the truth of the matter asserted. Could they also be perceived? I realize it's not clear, but that's what was said to the mechanic, just like it's said to a doctor whenever you walk in and make a complaint. My bailiff on the trial level was a 30-year mechanic. We had constant conversations about how people would describe what was going on with their cars. It is an important factor. I don't believe it is hearsay to write down what it is that someone tells you they have come to see you about. But please go on if you think it's important. Well, I would say that in this context, if it's being offered for the truth of the matter asserted, and that's the purpose, that the carpet has mold, then it's hearsay. If they're saying, okay, well, it's relevant in this case why the mechanic did what he did, then it would be effect on the listener. But that's not why plaintiff has said he needs this record now. He's saying, I need it for liability because of that position. And that's why I went to the context of what's going on here. I would say, yes, it's hearsay. And I think the context is very important. Of course, how you use a statement really guides what rule and how the rules interact and whether it's considered hearsay. Opposing counsel went into two cases. I was going into Troyan. Both of them are factually distinguishable. The Troyan case, and hopefully I am pronouncing that last name correctly, that considered medical records. And we've touched on that today discussing, well, what if you tell a doctor something? That's completely different. Rule 236 was specifically amended to state that medical opinions in a business record, they don't defeat the fact it's a business record simply because it contains a medical opinion. And Troyan stands for that. This, of course, is not a medical record. Rule 236 was not amended to permit mechanics opinions for coming in. And rule 805 isn't discussed at all in that case. As to INRAE-AT, there's a different juvenile court statute that applies there that has certain policy considerations as to agencies or hospitals having certain statements in a business record. And there's certain foundational requirements. Again, that's not the case here. We're just looking at the interaction of Illinois Supreme Court Rule 236 and Rule of Evidence 805. So I respectfully submit that the both of those are not relevant as we set forth in our briefs. I also wanted to raise something that we discussed in our response brief, but also wasn't necessarily raised in the opening presentation by Mr. Baffinoff. There's no requirement that I've been able to find, and certainly that Mr. Baffinoff was able to present in Illinois, that requires a circuit court to redact only the offending hearsay within hearsay statement. The entire record fails if it does not meet all of the requirements of the Supreme Court rules and the Rules of Evidence. And the out-of-state case law is not only factually distinguishable, it's non-binding. I can certainly go into why it's not, or why it is distinguishable, rather, if the court prefers. Finally, we've talked today about the plaintiff's failure to present the evidence of liability as the circuit court found, but there's also a failure to present the proper measure of damages. So in this instance, one of the issues we raised in the trial court was that the proper measure of damages is diminished value, and only repair costs are admissible and relevant if there's a special circumstance. That wasn't necessarily a highlight of Mr. Kpiafna's presentation, but it also is something we presented to the circuit court that can be affirmed here. There's no record for us to review what was actually discussed at the circuit court in the presentation of the Plaintiff's Case-in-Chief, but this repair order would not be relevant to damages if we get that far down the line. And if I may, just a moment to check my notes to make sure there's nothing else I'd like to cover. And of course, if the panel has any questions, I'm happy to address. Justice Hedl or Justice Olson? Any additional questions? I do not have any. No. One moment, if I may. Absolutely. Thank you. Beyond my presentation, I believe that we've set forth all of our arguments and our briefs, and I thank you very much for your time and consideration today. Thank you. Mr. Fyavanov, reply. Yes, Your Honor. Well, counsel said that if there is a hearsay within hearsay in a document, say one line out of 10-page business record, the entire record fails. I don't think that is what Rule 805 says. It can't possibly be true, and that is not the correct result. And so I also would like to touch upon the issue of reduction. I think it is kind of a common practice. It's so common that I could not find Illinois case on point, but it stands to reason that taking the extreme example of 10-page business record was one line that is double hearsay, admittedly, undeniably, no question about it, double hearsay. Surely that the proper way to do it is to excise that line and admit the record. So that's... And with respect to the chain of custody and stuff like that, they never challenged the 902.11 affidavit. So as I recall, there is case law that unchallenged affidavits, statements and unchallenged affidavits deemed to be true. I think the case is called Carothers or something like that. So they have not rebutted any statements in 902.11 affidavit that pertain to the elements and foundational requirements for a standard business record. Thank you. All right. Either questions from either of the other justices? Justice... I'm sorry. Do you have a question? Without the record, even with the affidavit, is it... The issue of liability is still in question. Well, assuming it is in question, the question would have been answered had we not been handicapped from the very beginning of the trial and had the business record admitted. So it's kind of a... I understand what you're asking, but to me, it's kind of a chicken and egg issue because the whole case basically hinged on that record. Without the record, we had nothing. And by the way, I forgot to mention, I disagree strongly with counsel that the only measure of damages is diminished value. The uniform commercial code says that sometimes repair damages are a proper measure of damages as well. And so, of course, that record went to that issue as well because that would have been the estimate of repair damage. So... From my perspective, we were handicapped before we even got out of the gate. To be fair enough, you clearly stated another purpose for your appeal today. And I'm aware of your practice. You appeared before me on many occasions. This particular record, if it came in, if the judge did not exclude it, how can you argue that it would give you anything more than an estimate of cost of a repair which is not even testified to as being needed? Could you say it once again, please? So, on its face, it says that it would cost this amount of money to replace the body wiring harness 2390 and 4640. I'm sorry, 4640 was for the wiring harness and the carpet was 2390. That's what it says. It doesn't say... If you want the hearsay, then it doesn't say anything about what caused these things because it doesn't come in with the hearsay argument. So let's assume those are just statements of your client. All you're left with is what it costs to fix these things if these things exist. Oh, yeah. If we assume that all of those are statements of my client, then, of course, it's a ranked double hearsay. It's not a business record and we have no case. But that is in the most charitable way. This is just one way of reading it. It can be read and I submit it should be read the other way because what was the purpose of them to record the statements of the client without recording any of their findings? Verify mold. That's not what the client would have said because he had no way to verify mold. That comes clearly from the dealer. So the mileage on the repair record points to the car not being driven it points it as an inferential evidence that the defect existed at the time of sale. And it also indicates what it will take to repair the unmerchantable nature of the car. Because all we argue about in an unmerchantability context is whether or not the goods are fit for ordinary purposes or pass without objection in a trade under the contract description without pointing any finger at anybody as far as the fault is concerned. And the car was mold fails in both tests. Thank you. Thank you. The court thanks both parties for spirited arguments. Thank you. Thank you, Honor. The matter will be taken under advisement and a decision will render a due course.